Evans Law Offices, PLLC
Mark E. Evans
177 North Church Ave
Suite 200
Tucson, AZ  85701
Telephone:  520 850 5822
Fax:  520 798 1980
mark@evanslawtucson.com
Arizona State Bar Number 019067
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 17-1659-TUC-JAS(EJM) |
|---|---|
| Plaintiff, | |
| vs. | OBJECTION TO PRESENTENCE REPORT |
| Constantino S. Varela, | |
| Defendant. | |

It is expected that excludable delay under Title 18, United States Code, §3161(h)(7) will occur as a result of this motion or an order based thereon.

Defendant, through counsel, objects to the presentence report for adding a 4 point upward departure and for failing to take into account the defendant's acceptance of responsibility.  Additionally, the presentence report writer failed to consider other downward departures in this case and cannot dispute bases for this Court to grant a variance.  This case does not involve a plea agreement, so all possible departures are available to the Court as well as any basis for granting a variance.

The objections to the report consist of both a disagreement as well as an omission outlined as follows:

**ACCEPTANCE OF RESPONSIBILITY**

The presentence report writer met again with the defendant at the insistence of undersigned counsel.  Due to confusion with his prior counsel, the defendant was not able to express certain pertinent points related to accepting responsibility.  He has now done so.  It is

undersigned counsel's understanding the report writer will now recommend a two-level reduction pursuant to U.S.S.G. 3E1.1(a). Even despite being told of the change in accepting responsibility, the U.S. Attorney assigned to this case will not move for the extra point, however. This does not surprise counsel undersigned and should be accommodated for by applying bases for a variance and applying other departures which will be brought to the attention of the Court at the time of sentencing and through this pleading.

**USE OR POSSESSION OF FIREARM OR AMMUNTION IN CONNECTION WITH ANOTHER OFFENSE**

With respect to the position the government, who did not initiate this provision, this Court should not apply an upward departure of four points in accordance with U.S.S.G. 2K2.1(b)(6). To apply this provision requires an interpretation of a state of mind that cannot be proven, and an application of Arizona law related to Aggravated Assault. This upward departure, according to the presentence report writer, was not requested by the U.S. Attorney, nor was she responsible for this issue being raised. This upward departure was raised by the supervisory probation officer, Wendy Cotner, who signed off on the presentence report. Ms. Cotner's belief this provision applies is terribly flawed and a reflection of her substantial absence of legal training and education. That the more qualified prosecutor supports the upward departure is even more concerning, particularly given the fact she didn't even originally request its application.

Arizona requires assault be committed by at the least reckless behavior. Arizona also requires that if the assault is to be aggravated, that either serious injury results, a deadly weapon or dangerous instrument be used, or that other circumstances not applicable here be present. *See A.R.S. 13-1203; 13-1204.*

In this case, the defendant was negligent, and if the statute under Arizona law allowed for prosecution if the state of mind included negligence, then this enhancement would apply. However, the statute does not include a negligent state of mind. There is no doubt the individual harmed, who apparently wants nothing to do with this case, could sue the defendant for his injury. However, this is a civil matter. Among the investigators present

when this case occurred was the Santa Cruz County Sheriff. No charges were ever presented for prosecution for Aggravated Assault to the Santa Cruz County Attorney.

The defendant acted negligently, but his behavior was not criminally reckless. See *State v. Candler* (Ariz. App. 2017). For this reason, the enhancement does not apply because the mental state of mind of reckless would be required for it to apply. How bad a situation could have turned out is not relevant.

### AGE AND PHYSICAL CONDITION

The defendant is 64 years old and is need of intense medical attention he cannot get while in custody. He has liver related issues and other medical concerns which are significant. This Court, in accordance with the U.S.S.G. 5H1.1 and 5H1.4, should consider both of these factors are present to an unusual degree and distinguishable from a so-called typical case.

### ABERRANT BEHAVIOR

In accordance with U.S.S.G. 5K2.20, this act was not planned, was of limited duration, and represents a marked deviation by the defendant from an otherwise law-abiding life. It is the position of counsel undersigned that no prohibitions listed in (c)(1-4) to this provision apply. As a result, this Court should find the defendant's conduct was aberrant.

### MITIGATING CIRCUMSTANCES

This Court should also consider certain mitigating circumstances. The defendant has strong family support and is a lifelong resident of the District. He is also remorseful and accepts full responsibility for his actions.

### CONCLUSION:

In sum, this Court should apply the requested bases for departure and adjust guidelines as such, and this Court should also allow for a variance for the reasons stated. This Court should sentence the defendant to time served at the time of sentencing for all of the reasons stated.

RESPECTFULLY SUBMITTED: March 10, 2019.

                    *s/ Mark E. Evans*
                    MARK E. EVANS
                    Attorney for Defendant

*Certificate of Service*

*I hereby certify that on March 10, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:*

Beverly Anderson,
Assistant U.S. Attorney
405 West Congress, Suite 4800
Tucson, Arizona  85701-5040
beverly.anderson@udsoj.gov